# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                            Case No. 05-CR-136

**BILAL MUHAMMAD,**

    Defendant.

### ORDER ON MUHAMMAD'S MOTION TO SEVER COUNTS ONE AND TWO

#### INTRODUCTION

On August 2, 2005, the grand jury returned a two-count, superseding indictment ("indictment") against Bilal Muhammad ("Muhammad"). Count one of the indictment charges Muhammad with possession and intent to distribute cocaine. Count two charges Muhammad with witness tampering.

Muhammad filed several pretrial motions that were previously addressed by this court, in an order and recommendation dated July 13, 2005: (1) a motion to suppress the cocaine specified in the indictment; (2) a motion for notice of the government's use of certain evidence; and (3) a motion to disclose evidence that requires notice. Currently pending before this court is a motion for relief from prejudicial joinder and to sever the counts of the most recent indictment. The pleadings on that motion closed as of August 23, 2005, and the motion is now ready for resolution. A jury trial is scheduled to commence before the Honorable Rudolph T. Randa on September 12, 2005, with voir dire set for September 8, 2005.

## MOTION TO SEVER

In his motion, Muhammad requests that the court sever the witness tampering charge from the drug trafficking charge. As grounds, Muhammad cites Federal Rule of Criminal Procedure 8(a) and claims that the two charges involve different types of illegal behavior. (Muhammad Br. 2.). In addition, Muhammad argues that severance of the charges is also required by Federal Rule of Criminal Procedure 14. In regard to that Rule, Muhammad submits that a trial involving both counts will create a substantial risk of jury confusion, and will be additionally prejudicial because the witness tampering charge suggests that Muhammad is generally dishonest and will unfairly bolster the drug trafficking charge. (Muhammad Br. 3.).

## ANALYSIS

Joinder is governed by Federal Rules of Criminal Procedure 8 and 14. Rule 8(a) requires that all offenses joined in a single indictment or information are: (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Counts may be joined pursuant to "same or similar character" prong of Rule 8(a) if offenses are of like class, even if they are not temporally or evidentially related or of the identical statutory origin. United States v. Alexander, 135 F.3d 470, 476 (7th Cir. 1998). Ultimately, in determining whether the requirements of Rule 8 are satisfied, the court examines the offenses charged for categorical, not evidentiary similarities. United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994). The value of joining offenses in a particular case depends upon the extent to which real efficiencies can be realized with minimal concomitant prejudice to the conduct of a fair trial. Coleman, 22 F.3d at 132.

2

In the opinion of this court, the drug trafficking charge is properly joined with the witness tampering charge for purposes of Rule 8(a). Although the charges allege different crimes occurring at different periods of time, the alleged witness tampering was intended to prevent incriminating testimony related to the drug trafficking charge. It is an attempt to derail prosecution of the original offense. If successful in his attempt to prevent the witness' testimony, Muhammad might have weakened the government's case, increasing his chances of having the jury find him not guilty of drug trafficking. Consequently, the charges are "connected with or constitute parts of a common scheme or plan" and satisfy the third prong of Rule 8(a). This connection between witness tampering and an original offense has previously been recognized by the Seventh Circuit Court of Appeals, for purposes of Rule 8(a). United States v. Balzano, 916 F.2d 1273 (7th Cir. 1990)(intimidation of a witness expected to present incriminating testimony is properly joined to counts alleging conspiracy and extortion); United States v. Berardi, 675 F.2d 894, 900 (7th Cir. 1982)(obstruction of justice charge regarding an attempt to influence the testimony of a grand jury witness held sufficiently related to mail fraud and extortion charges); see also United States v. Koen, 982 F.2d 1101, 1111-1112 (7th Cir. 1992)(arson charge sufficiently related to embezzlement charge because arson was intended to coverup the defendant's self-dealing). The cited decisions set forth the law to be followed in the Seventh Circuit, and joinder of offenses pursuant to Rule 8(a) will not be discussed further.

Accordingly, the court will turn its attention to whether Muhammad has established sufficient prejudice to warrant severance under Rule 14. Severance is appropriate under Rule 14 only if there is serious risk that joint trial would compromise a specific trial right of the defendant or the jury would be unable to reach a reliable decision about the defendant's guilt or innocence. United States v. Smith, 308 F.3d 726, 736 (7th Cir. 2002); United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002); United

3

States v. Rivera, 6 F.3d 431, 438 (7th Cir. 1993). The defendant has the burden of showing actual prejudice resulting from joinder, and it is not adequate to show merely that the defendant would have a better chance of acquittal if counts were severed. United States v. L'Allier, 838 F.2d 234, 241 (7th Cir. 1988); United States v. Abraham, 541 F.2d 1234, 1240 (7th Cir. 1976). In addition, the defendant's showing of actual prejudice must be balanced against policy encouraging joint trials for judicial economy and to avoid lengthy and repetitious trials involving same evidence and same witnesses. Smith, 308 F.3d at 736; United States Donaldson, 978 F.2d 381, 391 (7th Cir. 1992); United States v. Peters, 791 F.2d 1270, 1287 (7th Cir. 1986).

With these standards in mind, the court concludes that severance is not required to prevent unfair prejudice to Muhammad. As a preliminary matter, there is a significant likelihood of evidentiary overlap between the charges. In fact, as the government points out in its response brief, one of the elements of the witness tampering charge is that the information Muhammad sought to "hinder, delay, or prevent" must regard "the commission or possible commission of a Federal offense . . . ." § 1512(b)(3). In explaining the basis for the witness tampering charge, the government claims that Muhammad paid for a potential witness to travel out of state and to "lay low" until after the trial on the drug trafficking charge ended. Muhammad allegedly did this because the witness was with Muhammad at the time he allegedly conducted the drug trafficking activities that are the basis for count one. (Gov. Resp. 2-3.). Thus, the government would necessarily introduce evidence that implicates Muhammad's involvement in drug trafficking activities at a separate trial on the witness tampering charges.

There are other evidentiary similarities as well. In fact, evidence of the drug trafficking charge will be relevant to establish motive for the witness tampering charges. Conversely, evidence of the

4

defendant's witness tampering efforts will be relevant at a separate trial on the drug trafficking charge to establish Muhammad's consciousness of guilt. (Gov. Resp. 4-5.); Balzano, 916 F.2d at 1281 (evidence of intimidation admissible to show consciousness of guilt); Koen, 982 F.2d at 1112 (target offense admissible to show motive or intent for intimidation); Berardi, 675 F.2d at 900 (recognizing both theories of admissibility). Thus, the court perceives little, if any, prejudice to Muhammad resulting from a joint trial. See Berardi, 675 F.2d at 901. Moreover, the two charges are not so complex that the jury is likely to be confused or unable to evaluate the evidence with respect to the relevant charge only.

For these reasons, Muhammad has not established actual prejudice that outweighs the judicial economy of a trial on both counts, and the motion to sever will be denied.

**IT IS THEREFORE ORDERED** that Muhammad's motion to sever counts one and two is **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge

5

Case 2:05-cr-00136-RTR   Filed 08/26/05   Page 5 of 5   Document 51